UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOHNNY AKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:05CV00044 ERW |
| ) | (AGF) |
| JO ANNE B. BARNHART, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the Report and Recommendation of United States Magistrate Judge Audrey G. Fleissig [doc. #14] pursuant to 28 U.S.C. § 636(b).

The Court notes that Plaintiff has filed timely Objections to the Magistrate's Recommendation [doc. #15]. "[W]hen a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, '[a] judge of the court shall make a de novo review determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)). Therefore, the Court will conduct a de novo review of those portions of the Report to which Plaintiff has objected.

**I. BACKGROUND**

In the Report, the Magistrate recommends that the decision of the Commissioner denying benefits to Plaintiff be affirmed. After detailing Plaintiff's work history, medical history, and what took place at the evidentiary hearing before the administrative law judge ("ALJ"), the Magistrate explained that the ALJ had determined that Plaintiff had the residual functional capacity ("RFC") to do light work, except that his ability to do the full range of light work was reduced by his inability to do work at heights and around

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

moving machinery, work requiring balance, work not providing a clean-air environment, and work requiring driving motor vehicles. Rep. at 12. As noted by the Magistrate, the ALJ found that there were a significant number of jobs in the national economy that Plaintiff could perform, such as an electronic parts assembler or a maintenance dispatcher, and that Plaintiff was therefore not disabled. Rep. at 12. After receiving an adverse determination from the ALJ, Plaintiff sought the review of the Appeals Council, submitting additional medical records indicating that, on October 19, 2004, Plaintiff was admitted to the Poplar Bluff Medical Center due to complaints of chest pain. At that time, tests revealed that Plaintiff had a narrowed aortic valve replacement with heavy calcification, a leak where the valve was sutured to the myocardium that would likely need surgical repair, dyspnea, shortness of breath with exertion, and mild to moderate obstructive lung defect. He was discharged on October 22, 2004 in stable condition, for follow up at St. Louis University Hospital. One week later, a cardiac catheterization report revealed moderate to severe aortic stenosis and a possible malfunction of the valve. A mitral valve replacement surgical procedure was performed on November 11, 2004. Plaintiff was discharged on November 19, 2004 with medications and follow-up instructions, including that he lift no more than five pounds. Rep. at 12-13. After making this additional evidence part of the record, the Appeals Council denied Plaintiff's request for review. Rep. at 14.

## II. DISCUSSION

As the Magistrate correctly stated, a reviewing court must affirm the Commissioner's decision to deny disability benefits "so long as it conforms to the law and is supported by substantial evidence on the record as a whole." *Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (internal quotation omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion, whereas substantial evidence on the record as a whole entails a more scrutinizing analysis." *Id.* (internal quotation omitted). While the review is more than an examination of the record of substantial evidence

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

in support of the Commissioner's decision and must take into account whatever in the record detracts from the decision, reversal is not warranted simply because substantial evidence would have supported another conclusion. *Id.*

In this case, the Magistrate determined that, although there is evidence in the record that could support a different conclusion, the Commissioner's decision that Plaintiff was not disabled is based upon substantial evidence in the record as a whole. Plaintiff objects to this finding. According to Plaintiff, the ALJ incorrectly found that Plaintiff had the residual functional capacity ("RFC") to perform light work. Specifically, Plaintiff argues that the ALJ: (1) improperly relied on Plaintiff's noncompliance with medical treatment in assessing his credibility; (2) improperly found that Plaintiff's daily activities are consistent with light work requirements; (3) erred in failing to consider Plaintiff's strong past work record; and (4) erred in failing to include any mental limitations in his hypothetical to the vocational expert. Further, Plaintiff argues that the Magistrate improperly concluded that the absence of any doctor's opinion that Plaintiff needed to restrict his activities due to his heart condition or breathing problems is supportive of a finding that he is not disabled.

A claimant's RFC "is the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). Under the regulations, work may be classified as sedentary, light, medium, heavy, and very heavy. 20 C.F.R. § 404.1567. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). If someone can do light work, that person is deemed to be able to do sedentary work, unless there are additional limiting factors which would preclude such a finding. *Id.* The determination of an individual's RFC should be "based on all the evidence in the record, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1024 (8th Cir. 2002) (internal quotation omitted). Before determining a claimant's RFC, the

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

ALJ must evaluate the claimant's credibility. *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001). "In evaluating subjective complaints, the ALJ must consider, in addition to objective medical evidence, any evidence relating to: a claimant's daily activities; duration, frequency and intensity of pain; dosage and effectiveness of medication; precipitating and aggravating factors; and functional restrictions." *Id.* "The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts," *id.*, and, if the ALJ discredits a claimant's credibility and gives a good reason for doing so, a reviewing court should defer to the ALJ's judgment. *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001).

As the Magistrate noted, the ALJ considered Plaintiff's noncompliance with his medications in evaluating Plaintiff's credibility with regard to the severity of his impairments. Plaintiff objects to the Magistrate's finding that the ALJ properly considered Plaintiff's noncompliance with medications in assessing his credibility. In support of this objection, Plaintiff states that he had surgery in November 2004 for mitral valve replacement and that, although the record does contain references to his noncompliance, "the ALJ did not analyze whether Plaintiff had the ability to comply with a treatment regimen." Pl's Obj. at 3. As the Magistrate correctly points out, a failure to follow a recommended course of treatment can weigh against a claimant's credibility. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) (failure to follow recommended course of treatment weighs against claimant's credibility). Although Plaintiff appears to believe that a different kind of analysis was required with regard to the ALJ's consideration of Plaintiff's noncompliance, Plaintiff does not cite any authority demanding that the ALJ do anything other than what was done in this case.[1] The ALJ noted numerous places throughout the record in which

---

[1] The cases to which Plaintiff cites are distinguishable on their facts and are not applicable to the instant case. *See Kirby v. Sullivan*, 923 F.2d 1323, 1328 (8th Cir. 1991) ("[u]nder . . . circumstances" of case where borderline-intelligence claimant with mild to moderate memory impairment who was prescribed as many as eight different medications to be taken daily and whose prescriptions were altered several times, ALJ should examine claimant's subjective ability to comply with prescribed treatment before assuming noncompliance was willful or indicative of exaggeration of symptoms);

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff's noncompliance is recorded by various medical personnel.[2] The ALJ did not err in considering Plaintiff's noncompliance when making his credibility determination, and his determination is entitled to deference.

Next, Plaintiff objects to the Magistrate's finding that the ALJ properly concluded that Plaintiff's daily activities are consistent with light work requirements and to the Magistrate's determination that the absence in the record of any doctor's opinion that Plaintiff needed to restrict his activities due to his heart condition or breathing problems is supportive of a finding that he is not disabled. The ALJ noted that Plaintiff "has no problems with sitting or standing, and he does some driving around his house. He tinkers with mechanical objects and sometimes changes the oil. He also shops, has friends, goes fishing, and attends church." Tr. at 15-16. The ALJ found that "[s]uch activities are inconsistent with disability, and are consistent with the ability to perform work activities." Tr. at 17. While Plaintiff correctly points out that a claimant "need not be completely bedridden or unable to perform any household chores to be considered disabled," *Easter v. Bowen*, 867 F.2d 1128, 1130 (8th Cir. 1989), it is also true that an ALJ may determine that a claimant's contention that he is not able to work is not credible in light of evidence of activities of daily living and the absence of any medical opinion stating the claimant is disabled or should

---

*Brown v. Sullivan*, 902 F.2d 1292, 1296 (8th Cir. 1990) (no evidence to support ALJ's conclusion that claimant failed to control his weight by failing to follow prescribed diets where medical reports showed claimant attempted to follow instructions and that his pain and breathing problems have restricted him from all but the most sedentary activities; under these circumstances, magistrate not entitled to presume failure to lose weight was willful). Plaintiff's prescribed treatment included taking various medications and coming in for periodic check-ups. The Court notes that Plaintiff has not identified any evidence in the record which might indicate he was not able to comply with the recommended course of treatment.

[2]Plaintiff states that, "[g]iven Plaintiff's surgery and diagnosis, there is no evidence that his alleged noncompliance has contributed to the disabling nature of his condition." Pl's Obj. at 4. While Plaintiff's recent diagnosis and surgery may help explain the cause of his chest pains, the diagnosis and surgery do not negate the many instances of Plaintiff's noncompliance, all of which took place prior to the surgery.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

otherwise be restricted from working.[3] *See, e.g.*, *Guilliams*, 393 F.3d at 802 (significant daily activities may be inconsistent with claims of disabling pain); *Raney v. Barnhart*, 396 F.3d 1007, 1011 (8th Cir. 2005) (ALJ properly evaluated claimant's credibility based on noncompliance with treatment and activities of daily living that were inconsistent with claimant's allegations of disability); *Gray v. Apfel*, 192 F.3d 799, 804 (8th Cir. 1999) ("ALJ may properly consider both the claimant's willingness to submit to treatment and the type of medication prescribed in order to determine the sincerity of the claimant's allegations of pain.").[4]

Third, Plaintiff contends that the ALJ erred in failing to consider his strong past work record when assessing his credibility. A consistent work record may support the credibility of a disability claimant's subjective complaints of pain. *Burnside v. Apfel*, 223 F.3d 840, 845 (8th Cir. 2000). However, as the Magistrate correctly noted, this is only one of the relevant factors to be taken into consideration. *See Curran-Kicksey v. Barnhart*, 315 F.3d 964, 970 (8th Cir. 2003). This Court must review the ALJ's decision in light of whether his findings are supported by substantial evidence on the record as a whole. *Id.* at 968. In making this determination, the Court must consider the evidence that detracts from the

---

[3]As the Magistrate points out, the restriction that Plaintiff refrain from driving due to his syncopal episodes was taken into account by the ALJ when he included that restriction in his hypothetical to the vocational expert. Rep. at 21.

[4]Plaintiff's argument that he was restricted to lifting no more than five pounds following his surgery is unpersuasive. That restriction was contained in Plaintiff's discharge orders following his surgery. In that order, dated November 19, 2004, Plaintiff was restricted from taking a "tub bath" and from lifting more than five pounds. Tr. at 369. He was instructed to keep his incision clean and dry, to continue taking his medications, and call with the results of his lab tests. *Id.* He was further instructed to call in three weeks for a follow-up care appointment. *Id.* There is no indication in the record that the five pound restriction was anything more than a temporary precaution following surgery.

The Court notes that, while the ALJ concluded that Plaintiff was capable of performing light work, at least one of the jobs identified by the vocational expert, maintenance dispatcher, was classified as sedentary. Tr. at 16, 500. From the record, it is not clear whether the second identified job, electronic parts assembler, was classified as sedentary or light work. *See* Tr. at 16 (classifying it as sedentary) and Tr. at 499 (appearing to classify it as light work).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Commission's decision and the evidence that supports his determination. *Id.* The record reveals that Plaintiff does have a significant work record, with various amounts of annual earnings for most of the years leading up to the alleged onset of his disability in January 2003. Tr. at 49-50. As the ALJ noted, Plaintiff has past relevant work experience as a heavy equipment mechanic and maintenance supervisor. Tr. at 13. Plaintiff's significant work history tends to show a motivation to work, which could support his allegations of disability. However, this does not mean that the ALJ erred in discounting Plaintiff's subjective complaints. Work history is but one factor to be considered and, while Plaintiff's significant work history does detract from the ALJ's determination and could support an opposite disability determination, the Court finds that the record as a whole supports the ALJ's decision.[5]

Finally, Plaintiff argues that the ALJ erred in failing to include any mental limitations in his hypothetical to the vocational expert. Plaintiff contends that the ALJ should have considered Plaintiff's testimony that he had difficulty dealing with the stress of the managerial jobs he attempted and the references in the medical record to his taking Paxil. As the Magistrate correctly noted, Plaintiff had not mentioned depression or any other psychological impairments in his application for benefits, the references to Paxil are merely contained in the medical record, and Plaintiff's testimony regarding stress concerned his work as a supervisor.[6] This did not require the ALJ to factor a mental impairment into the hypothetical question or develop the record further with regard to any mental impairment.

In this case, the record, including the vocation expert's answer to the hypothetical question posed

---

[5]In discounting Plaintiff's subjective complaints, the ALJ considered a long list of medical records and noted that, "while the claimant has been treated for complaints of chest pain, the weight of the medical record indicates symptoms have been controlled, and at times he has been symptom-free." Tr. at 16. The ALJ also considered Plaintiff's noncompliance with medical advice and his daily activities, as already discussed herein.

[6]As the Magistrate points out, the jobs suggested by the vocational expert in this case were not managerial in nature.

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

by the ALJ, constituted substantial evidence in support of the Commissioner's decision that Plaintiff was not disabled and therefore not entitled to disability benefits.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the relief requested in Plaintiff's Social Security Brief [doc. #12] is **DENIED**.

Dated this <u>28th</u> day of March, 2006.

/s/ E. Richard Webber

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com